UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HARIS N KHAN,
    Plaintiff,

v.                                    Case No.: 1:23cv177/AW/ZCB

NAVIENT CORPORATION,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a Fair Debt Collection Practices Act (FDCPA) case filed under 15 U.S.C. § 1692 *et seq*. Plaintiff is proceeding *pro se* and *in forma pauperis*. The Court, therefore, is required to review Plaintiff's First Amended Complaint (Doc. 6) to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915 (governing *in forma pauperis* actions). Having reviewed the First Amended Complaint, the Court believes dismissal is warranted for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] Plaintiff was given an opportunity to file an amended complaint when a prior version was found deficient. (Doc. 5). (*Id*). Although Plaintiff has filed the First Amended Complaint, she has not corrected the deficiencies previously identified. Thus, dismissal is warranted. *See generally Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint").

## I. Background

Plaintiff's First Amended Complaint names Navient Corporation as the sole Defendant. (Doc. 6 at 3). According to the First Amended Complaint, Plaintiff cosigned a student loan for a friend on August 22, 2008. (*Id*. at 5). The friend lost his job and defaulted on the loan. (*Id.*). At the same time, Plaintiff was also facing financial hardship. (*Id.*). According to the First Amended Complaint, after the default, Defendant began making "robocalls" to Plaintiff's home phone number. (*Id.*). Plaintiff alleges Defendant made between 315 and 319 "predatory robocalls" between October 21, 2021, and January 22, 2022. (*Id.*). It is alleged that these calls disrupted Plaintiff's sleep and led to increased blood pressure. (*Id.* at 6). Plaintiff alleges that damages are warranted because Defendant's conduct violated the FDCPA. (*Id.*).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent

with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Although the Court is required to liberally construe *pro se* pleadings, it "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

### III. Discussion

This case should be dismissed because the First Amended Complaint fails to plausibly allege a violation of the FDCPA. Prior to Plaintiff filing the First Amended Complaint, the Court provided Plaintiff with information regarding the requirements of a FDCPA claim. (*See* Doc. 5 at 5). Nonetheless, Plaintiff has submitted a First Amended Complaint that is insufficient to state a claim under the FDCPA.

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  To prevail on a claim under the FDCPA, a plaintiff must show the following:  (1) she has been the object of consumer debt collection activity, (2) the defendant is a debt collector, (3) the defendant has engaged in an act or omission that is prohibited by the FDCPA.  *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002); *Wilkins, Jr. v. Global Credit & Collection Corp.*, No. 4:10-CV-00318, 2011 WL 833999, at *3 (N.D. Fla. Mar. 4, 2011).

It is undisputed that the FDCPA only applies to "debt collectors."  *Davidson v. Capital One Bank*, 797 F.3d 1309, 1313 (11th Cir. 2015).  A "debt collector" is any entity that [1] "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due . . . another."  15 U.S.C. § 1692a(6).  Entities that extend credit or are owed a debt are generally not "debt collectors" subject to the FDCPA.  *Davidson*, 797 F.3d at 1313.  That is true even if they seek to collect a debt owed to them.  *See Pinson v. JP Morgan Chase Bank*, 942 F.3d 1200, 1209 (11th Cir. 2019) ("The FDCPA ordinarily does not apply to creditors trying to collect their own debt.").

Here, Plaintiff has not plausibly alleged that Defendant is a "debt collector" for FDCPA purposes.  Plaintiff's First Amended Complaint does not "expressly state

4

that the 'principal purpose' of [Defendant's] business is debt collection, as required by the first definition of debt collector" found in 15 U.S.C. § 1692a(6). *Davidson*, 797 F.3d at 1317. Nor could that fact be reasonably inferred from the First Amended Complaint. Although from the First Amended Complaint it appears that "*some* part of [Defendant's] business is debt collection," that is insufficient to "provide any basis from which [the Court] could plausibly infer that the 'principal purpose' of [Defendant's] business is debt collection." *Id*. (emphasis in original). And as for the second definition of "debt collector" found in 15 U.S.C. § 1692a(6), the First Amended Complaint fails to plausibly allege that Defendant "regularly collects or attempts to collect, directly or indirectly, debts owed or due . . . another." *Id*. at 1315-16. The First Amended Complaint provides no facts from which the Court could reasonably infer that Defendant "regularly collect[s] or attempt[s] to collect debts *for others*" as opposed to debts owed to it. *Id*. at 1316 (emphasis in original).

The First Amended Complaint alleges that Plaintiff has received "relentless robocalls" from Defendant regarding the debt owed. But that fact does not make Defendant a "debt collector," and the First Amended Complaint says nothing about whether Defendant's "primary purpose" is debt collection or whether Defendant was making the "robocalls" in an attempt to collect on a debt owed to another. Because Plaintiff's First Amended Complaint does not plausibly allege that Defendant is a "debt collector," dismissal is warranted for failure to state a claim on which relief

may be granted.[2] *See id.* at 1318 (affirming dismissal of FDCPA claim because the plaintiff failed to plausibly allege the defendant was a debt collector); *see also Solis v. CitiMortgage Inc.*, 699 F. App'x 891, 894 (11th Cir. 2017) (same).

## IV.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.   This case be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.   The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 4th day of August 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

---

[2] It is worth mentioning that Plaintiff was previously advised in another lawsuit involving the same Defendant that her allegations failed to plausibly allege that Defendant was a debt collector for FDCPA purposes. *See Khan v. Navient Corp.*, Doc. 4 at 5, 1:22-cv-73-MW-GRJ (Mar. 28, 2022) (stating that the plaintiff "does not allege that [Defendant] is a debt collector as defined under the FDCPA. As this is the critical element of an FDCPA claim, [the plaintiff's] cause is due to be dismissed"). That case was ultimately dismissed because Plaintiff failed to file an amended complaint as ordered by the Court. *Id.*, Doc. 10 (Sept. 6, 2022).

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**