IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**HARIS N. KHAN,**

    **Plaintiff,**

**v.**                                                                          **Case No. 1:23-cv-177-AW-ZCB**

**NAVIENT CORPORATION,**

    **Defendant.**

_____/

## ORDER OF DISMISSAL

Haris Khan sued Navient Corporation, alleging that it harassed him over a debt. Because Khan proceeded pro se, the magistrate judge screened the complaint. *See* 28 U.S.C. § 1915. The magistrate judge identified several deficiencies and directed Khan to file an amended complaint. ECF No. 5. Now pending is the magistrate judge's report and recommendation, which concludes the amended complaint should be dismissed. ECF No. 7. Khan filed timely objections, ECF No. 9, which the court has considered de novo. (Khan also filed an unauthorized second amended complaint, ECF No. 8, which the court has not considered.)

The gist of the amended complaint's allegations is that Khan cosigned for a friend's loan from Navient, the friend defaulted, Khan pleaded with Navient for understanding, Navient refused, and Navient then "started to make relentless robocalls to [Khan's] home phone number." ECF No. 6 at 5. Khan explicitly stated

1

that he was "pursuing this claim under 15 U.S. Code § 1692 Fair Debit (sic) Collection Act." *Id.* at 6.

In the report and recommendation, the magistrate judge explained that the complaint does not state a plausible claim under the Fair Debt Collection Practices Act. ECF No. 7. Khan does not seem to dispute that conclusion. Instead, he now insists this is not a FDCPA case at all. ECF No. 9 at 1 ("[T]he Plaintiff is not sure why the Court is referring to this case as a FDCPA [case] when the amended complaint filed as the Court directed and pursuant to the Court's Order does not reference the FDCPA."). But as noted above, his complaint stated that it was. Moreover, although the objections argue other statutes and other claims, the operative complaint does not state claims under those statutes either.

Perhaps Khan refers to his second amended complaint (ECF No. 8), filed after the magistrate judge issued the report and recommendation. But that amended complaint was filed without leave and is thus unauthorized. The operative complaint is subject to dismissal for the reasons the magistrate judge explains.

Khan already had one opportunity to amend, and the amended complaint fails to state a claim. Therefore the claims are now dismissed, and the file will be closed.

The report and recommendation (ECF No. 7) is adopted and incorporated into this order. The clerk will enter a judgment that says, "This case is dismissed pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." The clerk will then close the file.

SO ORDERED on September 15, 2023.

> s/ *Allen Winsor*
> United States District Judge